# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

*******************************************

**UNITED STATES OF AMERICA**

v.

**SHAWN SWAMP,**

Defendant.

Criminal No. 07-CR-227
(FJS)

*******************************************

## PRELIMINARY ORDER OF FORFEITURE

**IT IS HEREBY ORDERED THAT**:

1. As a result of his guilty plea to Count 1 of Information No. 07-CR-227, which alleged forfeiture pursuant to 21 U.S.C. §853, and the defendant's admission of the forfeiture allegation as set forth in Information 07-CR-227, the defendant shall forfeit to the United States all his right, title and interest in any property, real or personal, used and/or constituted proceeds generated by his narcotics activities, pursuant to 21 U.S.C. §§841 and 846 as alleged in Information No. 07-CR-227; and

2. The Court has determined that, based upon defendant's plea and written plea agreement, defendant, Shawn Swamp's interest in the following specific property is subject to forfeiture as a result of the defendant's guilty plea and admissions of the illegal acts alleged in Count 1 of Information No. 07-CR-227, and for which the Government has established the requisite nexus between such property and such offenses: **$294,990.00 in U.S. Currency**.

3. Upon the entry of this Order, U.S. Department of Homeland Security U.S. Customs & Border Protection is authorized to seize the property set forth above.

4. Upon entry of this Order, the United States Attorney is authorized to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture, in accordance with Fed. R.

Crim. P. 32.2(b)(3) and 18 U.S.C. §2253(b), incorporating 21 U.S.C. §853(i).

5. Upon entry of this Order, the United States is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

6. The United States shall publish notice of the Order and its intent to dispose of the property in such a manner as the United States Attorney General or his representative, including U.S. Department of Homeland Security U.S. Customs & Border Protection, may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the subject property.

7. Any person, other than the above named defendant, asserting a legal interest in the subject property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his/her alleged interest in the subject property, and for an amendment of the Order of Forfeiture, pursuant to 18 U.S.C. §2253(b), incorporating 21 U.S.C. §853(n).

8. Any petition filed by a third party asserting an interest in the subject property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the subject property, and any additional facts supporting the petitioner's claim and the relief sought.

9. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(B) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

10. The United States shall have clear title to the subject property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in Fed. R. Crim. P. 32.2(c)(1)(B), 18 U.S.C. §2253(b), incorporating 21 U.S.C. §853(n)(7) for the filing of third party petitions.

11. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing or before sentencing if the defendant consents and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture as provided by Fed.R.Crim.P. 32.2(c)(2).

12. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

13. The Clerk of the Court shall forward six (6) certified copies of this order to Assistant U.S. Attorney Carla B. Freedman, United States Attorney's Office for the Northern District of New York, P.O. Box 7198, 100 South Clinton Street, Syracuse, New York 13261-7198.

SO ORDERED:

Dated: Nov. 7, 2007
Syracuse, New York

_____
HONORABLE FREDERICK J. SCULLIN, JR.
SENIOR UNITED STATES DISTRICT JUDGE